UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

PHOENIX DIVERSIFIED INVESTMENT CORP.        CASE NO.: 08-15917-BKC-EPK
                                    Chapter 7

      Debtor.

_____/

KENNETH A. WELT, CHAPTER 7 TRUSTEE OF     Adv. Case No.
PHOENIX DIVERSIFIED INVESTMENT CORP.,

         Plaintiff,

v.

RYAN GUTZEIT,

         Defendant.

_____/

## COMPLAINT

Kenneth A. Welt ("***Trustee***" or "***Plaintiff***"), duly appointed chapter 7 trustee in the above captioned bankruptcy case ("***Bankruptcy Case***") of Phoenix Diversified Investment Corp. ("***Phoenix***" or the "***Debtor***"), by and through undersigned counsel, sues Ryan Gutzeit ("***Defendant***") and states as follows:

### Introduction

1.    This adversary proceeding arises from the *Ponzi scheme* perpetrated by Michael Meisner ("***Mr. Meisner***") through the Debtor. Mr. Meisner raised tens of millions of dollars from investors, representing to those investors that the Debtor was operating a profitable commodities trading business.

1
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

2.      However, the Debtor did not generate profits from its commodities trading. Rather, the trading business was unprofitable and investor principal and returns were paid from monies sourced and raised from new investors.

3.      The payments from the Debtor to investors were made in furtherance of the *Ponzi* scheme.

4.      At all material times, the Debtor had at least one unsecured creditor.

### Venue and Jurisdiction

5.      The Debtor is an entity organized and existing under the laws of the State of Florida.

6.      On May 8, 2008, the Bankruptcy Case was commenced by the filing of an involuntary petition for relief under the Bankruptcy Code [D.E. 1]. On June 10, 2008, an Order for Involuntary Relief was entered [D.E. 59] ("***Petition Date***"). Thereafter, the Trustee was elected as the permanent Chapter 7 Trustee.

7.      This is an adversary proceeding brought under F.R.B.P 7001 and 9014.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### Factual Background

I.      *The Debtor*

9.      The Debtor's business involved the pooling of monies from third parties (other people's money or "***OPM***") to fund commodities trading. The Debtor pooled OPM from investors ("***Investors***"), promising them above-market rates of return. Investors both re-invested their returns in the Debtor and received repayment of both principal and interest.

2
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

II.     The *Ponzi Scheme*

10.     A *Ponzi scheme* is an investment scheme in which payments to investors are not financed through the success of the underlying business venture, but rather from monies received from other investors.

11.     At all material times, the Debtor was insolvent.

III.     *The Debtor and the Defendant*

12.     The Defendant invested monies in the Debtor, and received payments from the Debtor, ostensibly as a return on his investment.  The Defendant received more money in returns from the Debtor than he invested with the Debtor.

13.     The Defendant received (either directly or for his benefit) $216,163.12 in payments from the Debtor, as a return on his investment ("***Transfers***").  Certain of the Transfers were made within 2 years of the Petition Date ("***548 Transfers***"). A Schedule of the Transfers is attached as Exhibit 1.

14.     The Transfers from the Debtor to the Defendant were made in furtherance of the *Ponzi scheme* operated through the Debtor.

15.     Plaintiff reserves the right to amend these allegations based on, among other things, further discovery.

**COUNT 1 - 11 U.S.C. §§ 548(a)(1)(A) and 550**

16.     The Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

17.     All conditions precedent to this action have been satisfied, performed or waived.

18.     Mr. Meisner operated a *Ponzi scheme* through the Debtor.

3
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD,  MIAMI, FLORIDA  33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

19.    The Debtor made the 548 Transfers either to, or for the benefit of, the Defendant. Each of the 548 Transfers constituted a transfer of an interest in property of the Debtor.

20.    The 548 Transfers were made in furtherance of, and in the course of operation of, the *Ponzi scheme*. The 548 Transfers were made with the actual intent to hinder, delay or defraud creditors of the Debtor.

21.    Accordingly, the transfers of the 548 Transfers may be avoided pursuant to 11 U.S.C. §548(a)(1)(A) and recovered for the benefit of the estate pursuant to 11 U.S.C. §550.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an Order granting a judgment in favor of the Plaintiff and against the Defendant in the amount of the 548 Transfers (and any other transfers identified through discovery) together with prejudgment interest and fees and costs, and for all other relief as this Court deems just and proper.

### COUNT 2 - 11 U.S.C. §544(b) and Fl. Stat. §§ 726.105(1)(A) and 726.108

22.    The Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

23.    All conditions precedent to this action have been satisfied, performed or waived.

24.    The Debtor made the Transfers either to, or for the benefit of, the Defendant. Each of the Transfers constituted a transfer of an interest in property of the Debtor. The Payments were made within four (4) years of the Petition Date.

25.    The Transfers were made in furtherance of, and in the course of operation of, the *Ponzi scheme*. The Transfers were made with the actual intent to hinder, delay or defraud creditors of the Debtor.

4
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD,  MIAMI, FLORIDA  33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

26.     Accordingly, the Transfers may be avoided pursuant to 11 U.S.C. §544(B) and Fl. Stat. §§ 726.105(1)(A) and 726.108, and recovered for the benefit of the estate.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an Order granting a judgment in favor of the Plaintiff and against the Defendant in the amount of the Transfers (and any other transfers identified through discovery) together with prejudgment interest and fees and costs, and for all other relief as this Court deems just and proper.

### COUNT 3 - 11 U.S.C. §§ 548(a)(1)(B) and 550

27.     Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

28.     The Debtor made the 548 Transfers to or for the benefit of the Defendant within two years prior to the Petition Date.

29.     The Debtor made the 548 Transfers to or for the benefit of the Defendant without receiving any value, let alone reasonably equivalent value, in exchange for the 548 Transfers.

30.     At the time the Debtor made the 548 Transfers, it was insolvent.

31.     At the time the Debtor made the 548 Transfers, the Debtor was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor constituted unreasonably small capital.

32.     At the time the Debtor made the 548 Transfers, it intended to incur or believed that it would incur debts that were beyond its ability to pay as such debts matured.

33.     The Defendant was the direct recipient for whose benefit the 548 Transfers were made.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD,  MIAMI, FLORIDA  33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the total amount of the 548 Transfers received by the Defendant and/or for their benefit together with prejudgment interest from the date of such transfers, costs, all other relief set forth 11 U.S.C. § 550 and any further relief that this Court deems just, fair and equitable.

### COUNT 4 - 11 U.S.C. § 544(b), Fla. Stat. §§ 726.105(1)(b)  and 726.108

34.    Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

35.    The Debtor made the Transfers to or for the benefit of the Defendant.

36.    The Debtor did not receive reasonably equivalent value in exchange for the Payments made to and/or for the benefit of the Defendant.

37.    The Debtor was insolvent at the time of the Transfers.

38.    The Debtor's net assets were unreasonably small in relation to the Transfers.

39.    At the time of the Transfers made to or for the benefit of the Defendant, the Debtor was insolvent and was not be able to satisfy its liabilities as they came due.

40.    At the time of the Transfers to or for the benefit of the Defendant, the Debtor was engaged in, or was about to engage in, a business or a transaction for which the remaining assets were unreasonably small in relation to the business or transaction.

41.    At the time of the Transfers, the Debtor intended to incur or believed that it would incur debts that were beyond its ability to pay as such debts matured.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the total amount of the Transfers together with prejudgment interest from the date of such transfers, costs, all other relief set forth in § 726.108 and any further relief that this Court deems just, fair and equitable.

Firm Clients\4155\4155-54\00708788.WPD.

## COUNT 5 - 11 U.S.C. § 544(b), Fla. Stat. §§ 726.106(1) and 726.108

42.    Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

43.    Plaintiff made the Transfers to or for the benefit of the Defendant.

44.    Plaintiff did not receive reasonably equivalent value in exchange for the Transfers to or for the benefit of the Defendant.

45.    Plaintiff was insolvent at the time of the Transfers.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the total amount of the Transfers together with prejudgment interest from the date of such transfers, costs, all other relief set forth in § 726.108 and any further relief that this Court deems just, fair and equitable.

## COUNT 6 - 11 U.S.C. §§ 547 and 550

46.    The Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

47.    All conditions precedent to this action have been satisfied, performed or waived.

48.    The Defendant is an insider of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

49.    As set forth on Exhibit 1, the Defendant received certain of the Transfers within one (1) year of the Petition Date ("***Preferential Payments***").

50.    The Defendant was a creditor of the Debtor at the times he received the Preferential Payments.

51.    The Preferential Payments were made while the Debtor was insolvent.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

52.     The Preferential Payments were for or on account of one or more antecedent debts owed by the Debtor before the Preferential Payments were made.

53.     The Preferential Payments would, if not avoided, enable the Defendant to receive more than he would have received if this case was a case under Chapter 7 of Title 11 of the United States Code, distribution was made under that Chapter, and the Preferential Payments had not been made.

54.     The Plaintiff is entitled to recover the Preferential Payments, or their value, pursuant to 11 U.S.C. §§ 547 and 550.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in the total amount of the Preferential Payments together with prejudgment interest from the date of such transfers, costs, all other relief afforded by law, and any further relief that this Court deems just, fair and equitable.

### COUNT 7 - Unjust Enrichment

55.     Plaintiff reasserts the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

56.     This is an action for unjust enrichment.

57.     As set forth above, the Defendant was the recipient of the Transfers.  The Defendant has knowledge of the benefits conferred upon him.  The Defendant voluntarily accepted and retained the benefits conferred upon him by the Debtor.

58.     Under the circumstances set forth herein, it would be inequitable for the Defendant to retain the benefits conferred upon him.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 o TELEPHONE (305) 358-6363

Firm Clients\4155\4155-54\00708788.WPD.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant finding that he was unjustly enriched with respect to the Transfers, plus costs, and any such other relief this Court deems just, fair and equitable.

Dated: May 20, 2010.

s/Richard S. Lubliner
Richard S. Lubliner, Esquire
Florida Bar No. 0047741
rlubliner@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Boulevard, Suite 3000
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

Counsel for Kenneth A. Welt, Trustee

Firm Clients\4155\4155-54\00708788.WPD.

## Phoenix Diversified Investment Corp.
### Case No. 08-15917-BKC-PGH
### United States Bankruptcy Court
### Southern District of Florida
### West Palm Beach Division

### Net Proceeds to Insiders and Related Parties - Ryan Gutzeit

**Petition Date:** May 8, 2008
**Source:** Banking records recovered by Trustee

| Bank ID # | Statement Clearing Date | Check # / Dep Ref # | Alpha Sort | Investment | Payment | Net Profit |
|---|---|---|---|---|---|---|
| BA-0192 | 07/07/04 | | Gutzeit, Ryan | $ 10,000.00 | $ - | $ (10,000.00) |
| BA-0192 | 09/08/04 | | Gutzeit, Ryan | 50.00 | | (10,050.00) |
| BA-0192 | 10/13/04 | 3153 | Gutzeit, Ryan | | 5,000.00 | (5,050.00) |
| BA-0192 | 11/05/04 | 3187 | Gutzeit, Ryan | | 3,250.00 | (1,800.00) |
| BA-0192 | 11/17/04 | | Gutzeit, Ryan | | 10,200.00 | 8,400.00 |
| BA-0192 | 12/08/04 | | Gutzeit, Ryan | | 3,000.00 | 11,400.00 |
| BA-0192 | 12/10/04 | | Gutzeit, Ryan | | 6,000.00 | 17,400.00 |
| BA-0192 | 01/04/05 | 3324 | Gutzeit, Ryan | | 3,000.00 | 20,400.00 |
| BA-0192 | 02/16/05 | | Gutzeit, Ryan | | 5,000.00 | 25,400.00 |
| BA-0192 | 06/09/05 | 3785 | Gutzeit, Ryan | | 30,000.00 | 55,400.00 |
| BA-0192 | 07/06/05 | | Gutzeit, Ryan | 10,000.00 | | 45,400.00 |
| BOA-1526 | 08/19/05 | 5071 | Gutzeit, Ryan | | 2,000.00 | 47,400.00 |
| BOA-1526 | 09/14/05 | 5162 | Gutzeit, Ryan | | 2,000.00 | 49,400.00 |
| BOA-1526 | 09/29/05 | 5249 | Gutzeit, Ryan | | 3,000.00 | 52,400.00 |
| BOA-1526 | 10/18/05 | 5334 | Gutzeit, Ryan | | 3,000.00 | 55,400.00 |
| BOA-1526 | 11/17/05 | 5451 | Gutzeit, Ryan | | 2,000.00 | 57,400.00 |
| BOA-1526 | 12/06/05 | 5502 [1] | Gutzeit, Ryan | | 3,000.00 | 60,400.00 |
| BOA-1526 | 12/22/05 | 5576 | Gutzeit, Ryan | | 2,000.00 | 62,400.00 |
| BOA-1526 | 01/06/06 | 5637 | Gutzeit, Ryan | | 2,000.00 | 64,400.00 |
| BOA-1526 | 01/09/06 | | Gutzeit, Ryan | | 3,000.00 | 67,400.00 |
| BOA-1526 | 01/26/06 | 5736 [1] | Gutzeit, Ryan | | 2,250.00 | 69,650.00 |
| BOA-1526 | 02/03/06 | 5766 [1] | Gutzeit, Ryan | | 4,000.00 | 73,650.00 |
| BOA-1526 | 03/01/06 | 5887 | Gutzeit, Ryan | | 6,000.00 | 79,650.00 |
| BOA-1526 | 05/19/06 | 6234 | Gutzeit, Ryan | | 4,000.00 | 83,650.00 |
| BOA-1526 | 06/12/06 | 6368 | Gutzeit, Ryan | | 5,000.00 | 88,650.00 |
| BOA-1526 | 08/02/06 | 280100 | Gutzeit, Ryan | 1,563.18 | | 87,086.82 |
| BOA-1526 | 08/11/06 | 6549 | Gutzeit, Ryan | | 1,563.18 | 88,650.00 |
| BOA-1526 | 08/31/06 | 6661 | Gutzeit, Ryan | | 5,000.00 | 93,650.00 |
| BOA-1526 | 10/05/06 | 6805 | Gutzeit, Ryan | | 6,000.00 | 99,650.00 |
| BOA-1526 | 11/06/06 | 6906 | Gutzeit, Ryan | | 6,500.00 | 106,150.00 |
| BOA-1526 | 12/05/06 | 7009 | Gutzeit, Ryan | | 6,000.00 | 112,150.00 |
| BOA-1526 | 01/05/07 | 7094 | Gutzeit, Ryan | | 20,000.00 | 132,150.00 |
| BOA-1526 | 02/15/07 | 7241 | Gutzeit, Ryan | | 6,901.05 | 139,051.05 |
| BOA-1526 | 03/14/07 | 7324 | Gutzeit, Ryan | | 5,533.79 | 144,584.84 |
| BOA-1526 | 04/17/07 | 7440 | Gutzeit, Ryan | | 5,662.10 | 150,246.94 |
| BOA-1526 | 06/04/07 | 7566 | Gutzeit, Ryan | | 7,000.00 | 157,246.94 |
| BOA-1526 | 07/13/07 | 7679 | Gutzeit, Ryan | | 7,500.00 | 164,746.94 |
| BOA-1526 | 08/15/07 | 7761 [1] | Gutzeit, Ryan | | 4,000.00 | 168,746.94 |

**EXHIBIT 1**

## Phoenix Diversified Investment Corp.
### Case No. 08-15917-BKC-PGH
### United States Bankruptcy Court
### Southern District of Florida
### West Palm Beach Division

## Net Proceeds to Insiders and Related Parties - Ryan Gutzeit

**Petition Date:** May 8, 2008
**Source:** Banking records recovered by Trustee

| Bank ID # | Statement Clearing Date | Check # / Dep Ref # | Alpha Sort | Investment | Payment | Net Profit |
|---|---|---|---|---|---|---|
| BOA-6572 | 09/11/07 | 1095 | Gutzeit, Ryan | | 4,000.00 | 172,746.94 |
| BOA-1526 | 10/16/07 | 7843 | Gutzeit, Ryan | | 3,415.27 | 176,162.21 |
| BOA-6572 | 11/15/07 | 1173 | Gutzeit, Ryan | | 4,000.00 | 180,162.21 |
| BOA-1526 | 12/17/07 | 7971 | Gutzeit, Ryan | | 4,000.00 | 184,162.21 |
| BOA-1526 | 01/15/08 | 8083 | Gutzeit, Ryan | | 2,387.73 | 186,549.94 |
| BOA-1526 | 02/14/08 | 8188 | Gutzeit, Ryan | | 4,000.00 | 190,549.94 |
| BOA-1526 | 03/13/08 | 8275 | Gutzeit, Ryan | | 4,000.00 | 194,549.94 |
| | | | | $ 21,613.18 | $ 216,163.12 | $ 194,549.94 |

**Note 1:** Copy of check not provided with bank production. Payee determined by debtor's QB records.